## Morrison v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

*Negligence—Explosion of naphtha—Railroads—Contributory negligence.*

In an action by a mother and son to recover damages for personal injuries resulting from the explosion of a railroad car containing naphtha, the evidence for the defendant, a railroad company, was in effect that the plaintiffs knew for some time that cars containing naphtha were burning, and that they went into a field out of mere curiosity to see the conflagration, and while there received the injuries for which suit was brought. The evidence for the plaintiffs tended to show that the boy had gone out to look after a cow which was tethered in or near the field, and that the mother, becoming anxious over the boy's long absence, had gone out to "see what was keeping him." *Held*, that the question of plaintiff's contributory negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued May 5, 1904. Appeals, Nos. 147, 148, 149 and 150, April T., 1904, by defendants, from judgment of C. P. No. 3, Allegheny Co., May T., 1903, Nos. 357 and 358, on verdicts for plaintiffs in cases of Francis Morrison, R. B. Morrison and Margaret Morrison v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCLUNG, J.

At the trial it appeared that Margaret Morrison and her son, Francis Morrison, were injured by the explosion of a naphtha

tank car at Sheridan, Pa., on May 12, 1902.   The evidence for. the defendant tended to show that the plaintiffs knew for some time that cars containing naphtha were burning, and that they went into a field out of mere curiosity to see the conflagration, and while there received the injuries for which suit was brought. The evidence for the plaintiffs tended to show that the boy had gone out to look after a cow which was tethered in or near the field, and that the mother, becoming anxious over the boy's long absence, had gone out to " see what was keeping him."

Defendant presented these points :

Under the pleadings and evidence in this case the verdict should be in favor of the defendant.   *Answer :* Refused. [1]

The evidence in this case discloses that the plaintiffs had knowledge of the fact that the fire in the defendant company's yard was caused by burning tank cars containing petroleum ; they were aware of the fact that some of the cars had exploded, and they knew immediately prior to the explosion which caused Mrs. Morrison's injury that the fire was still raging with increased force, and that the escape of burning gas from the cars was making a loud and threatening noise; Mrs. Morrison voluntarily, with this knowledge, and without any necessity, was approaching the conflagration at the time the explosion happened, and her injuries were caused by her getting too close to the burning cars.   Under these circumstances she voluntarily took the risk of injury, and the verdict should be in favor of the defendant.   *Answer :* Refused. [2]

As it appears from the testimony in this case that the petroleum cars caught fire about two hours before the explosion which caused Margaret Morrison's injuries, and that she was not in a place of danger when the fire broke out, and subsequently went to a point near the fire, and where she had a full view of the conflagration, and thus had full personal knowledge of the extent and character of the conflagration, she cannot recover, even though the jury should find that she was standing in the public road talking to a neighbor at the time of the explosion, and even if the jury should find that the cars were ignited by the negligence of the defendant company. Under such circumstances the negligence of the railway company would be too remote ; the primary cause of the plaintiff's injuries was her voluntarily placing herself in a position which

turned out to be dangerous, and with full knowledge of the surrounding circumstances.  *Answer :* Refused. [3]

The evidence in this case discloses that the plaintiffs had knowledge of the fact that the fire in the defendant company's yard was caused by burning tank cars containing petroleum; they were aware of the fact that some of the cars had exploded, and they knew immediately prior to the explosion which caused the boy's injury that the fire was still raging with increased force and that the escape of burning gas from the cars was making a loud and threatening noise; that the boy voluntarily, with this knowledge and without any necessity, was, according to his own evidence, approaching the conflagration at the time the explosion happened, and his injuries were caused by his getting too close to the burning cars. Under these circumstances he voluntarily took the risk of injury and the verdict should be in favor of the defendant. *Answer :* Refused. [4]

Verdict and judgments for R. B. Robinson, $125; and Francis Morrison, $125; and for Margaret Morrison, $600; and R. B. Morrison, $150.

*Errors assigned* were above instructions, quoting them.

*W. S. Dalzell,* of *Dalzell, Scott & Gordon,* for appellant.— Where one is in a place of safety at the time an act of negligence is committed which carries with it danger of personal injury, he cannot be heard to complain of the act of negligence if he subsequently, voluntarily and without any necessity, leaves his place of safety and suffers personal injury as a result thereof: E. & T. H. R. R. Co. v. Griffin, 100 Ind. 221; Conroy v. C., St. P. M. & O. R. R. Co., 96 Wis. 243 (70 N. W. Repr. 486); C. C. C. & St. L. Ry. Co. v. Ballentine, 84 Fed. Repr. 935; Goodlander Mill Co. v. Standard Oil Co., 24 U. S. App. 7 (63 Fed. Repr. 400); Scanlon v. Wedger, 156 Mass. 462 (31 N. E. Repr. 642); R. R. Co. v. Jones, 95 U. S. 439; Schofield v. C., M. & St. P. Ry. Co., 114 U. S. 615 (5 Sup. Ct. Repr. 1125); Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Fox v. Borkey, 126 Pa. 164; Winner v. Oakland Twp., 158 Pa. 405.

*C. A. O'Brien,* of *O'Brien & Ashley,* for appellees.—When

there is a reasonable doubt as to the facts or the inferences to be drawn from them, the question of contributory negligence is for the jury : Vannatta v. C. R. R. of N. J., 154 Pa. 262.

The question of contributory negligence is always for the jury when the measure of duty is ordinary and reasonable care and when the degree of care varies according to circumstances : Gates v. Penna. R. R. Co., 154 Pa. 566 ; Christman v. P. & R. R. R. Co., 141 Pa. 604 ; Gray v. Scott, 66 Pa. 345 ; Langan v. St. L., etc., Ry. Co., 72 Mo. 392; Meller v. Bridgeport, 191 Pa. 562 ; Stokes v. Ralpho Twp., 187 Pa. 333.

OPINION BY ORLADY, J., October 17, 1904 :

An explosion of a tank car loaded with naphtha in the defendant's freight yards at Sheridan, near Pittsburg, on May 12, 1902, resulted in an exceptional destruction of life and property.

This suit and another were tried together before the same jury and resulted in verdicts in favor of the plaintiffs.  While the defendant requested and had sealed an exception to the charge of the court there is no assignment alleging error to the general instructions given to the jury, the errors asserted being to the answers to points presented by the defendant, the principal of which is " Under the pleadings and evidence in this case the verdict should be in favor of the defendant " which was refused.

All the assignments of error go to the one question, the contributory negligence of the plaintiffs, and the argument of the defendant is summarized in the statement, viz : " We contend that where one is in a place of safety at the time an act of negligence is committed which carries with it danger of personal injury, he cannot be heard to complain of the act of negligence if he subsequently, voluntarily, and without any necessity, leaves his place of safety and suffers personal injury as a result therefrom."

The cases were zealously tried, and a voluminous amount of testimony taken, which, considered as a whole, left the question of the contributory negligence of the plaintiffs reasonably debatable, hence it was to be referred to the jury for its decision, and it was submitted in a charge which was fair, clear and adequate, the attention of the jury being specially called to the motive and

reason moving the plaintiffs to be where they were at the time they received their injuries. The court said : " If these parties went up there, without any business calling them there, or for the purpose of enjoying the display merely for the purpose of satisfying their curiosity and seeing, so to speak, the fireworks that were being displayed there, then they deliberately assumed that risk and they cannot recover. . . . They must be held to have gone there at their own risk . . . . or if they went to a position where they were not called to go, or where it was not necessary to . go, and there is no claim that there was any necessity bearing on these people,—where an ordinary prudent person would have concluded that there was danger, then that person was guilty of contributory negligence, and could not recover here. And it is for you to say whether they exercised all the care that prudent persons would have exercised under such circumstances. They were bound to exercise due care for their own safety ; and if a reasonably prudent man would have concluded that they should have stayed in their houses, or even have concluded that they should have gone away from their houses to a safer place, then it was their duty to do it, and if they did not do it, they forfeited their right to recover here."

While the foregoing are detached excerpts from the charge, the thought expressed was consistent throughout and could not be misunderstood. The circumstances were unusual and the alarm and excitement produced by such a catastrophe is evidenced in the conflicting testimony. The reason for the plaintiffs being within the range of danger when the explosion occurred was deemed a sufficient one by the jury and while the evidence does not relieve the mind from uncertainty it was for the jury under proper instructions.

No fixed measure of duty could be applied ; the evidence could not be harmonized ; there was a reasonable doubt as to the inferences to be drawn from the discordant testimony ; the extent of knowledge of the danger and the degree of judgment to be exercised under the circumstances could not be declared as a matter of law and hence under all our authorities was properly referred to the jury for decision.

The assignments of error are overruled and the judgment is affirmed.